Dear Mr. Hall:
You have requested an opinion of the Attorney General regarding the applicability of Louisiana Open Meetings Law to an ad hoc committee formed by the St. Tammany Parish Council Chairman (Chairman). Your letter states that the Chairman formed an ad hoc committee comprising a few council members, which is less than a quorum, to meet with the Sheriff to discuss matters related to the parish jail. Your opinion has been assigned to me for research and reply.
The right of access to public information is guaranteed by La.Const. Art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:4.1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to observe the deliberations of public bodies. The purpose of this body of law is clearly set forth in La.R.S. 42:4.1(A), which provides:
 [i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.
This statute clearly provides that the purpose behind the Open Meetings Law is for public business to be performed in an open forum, and to allow citizens the opportunity *Page 2 
to be aware of and observe the deliberations and decisions that help form public policy. The Legislature instructs liberal interpretation of the Open Meetings Law.
As provided for in La.R.S. 42:5, every meeting of a public body is required to be open to the public, unless closed pursuant to La.R.S. 42:6, R.S. 42:6.1 or R.S. 42:6.2. A meeting is defined as the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power.[1] A "public body" is defined as:
 village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.[2]
Your request asks us to address whether the ad hoc committee in question must comply with the Open Meetings Law. As an initial matter, we must determine whether or not the committee qualifies as a "public body" under La.R.S. 42:4.2(A)(2). The committee in this situation was created by the Chairman of the St. Tammany Parish Council (Council).[3] The Council is a parish governing authority. The clear language of La.R.S. 42:4.2(A)(2) provides that a "public body" includes parish governing authorities, where such body possesses policy making, advisory, or administrative functions, and includes any committee or subcommittee of parish governing authorities. Therefore, the ad hoc committee, as a committee created by a parish governing authority, qualifies as a "public body" under La.R.S. 42:4.2(A)(2).
Consistent with this opinion, La. Atty. Gen. Op. No. 84-395 noted that a "public body" includes any committee or subcommittee of a city governing authority, and the fact that a committee cannot make a final decision on a matter does not remove meetings of that committee from the ambit of the open meeting requirements. Even if the committee takes no binding action, our office has previously stated that "a working committee of a municipality constitutes a public body when it meets to discuss matters over which it has authority or advisory power." *Page 3 
There is some debate as to whether or not the committee has sufficient advisory power to qualify as a "public body" subject to the Open Meetings Law. We note that the Chairman formed the ad hoc committee pursuant to St. Tammany Parish Ordinance Sec. 2-031.03(B)(1), which permits the creation of special ad hoc committees for the purpose of addressing a particular issue and making recommendations on that issue to the full Council.
Black's Law Dictionary (8th Ed. 2004) defines an "ad hoc committee," or "special committee," as "[a] committee established for a particular purpose or a limited time," and an advisory committee as "[a] committee formed to make suggestions to some other body or to an official." Your letter indicates the ad hoc committee was never intended to possess advisory, administrative or policymaking functions, and the Chairman has not directed, charged, or otherwise expressed that the committee provide the Council with any advice or recommendations. Nevertheless, the Chairman, in a letter to the Sheriff dated July 15, 2009, states that by the ad hoc committee and the Sheriff working together they will be able "to better deal with the monetary issues surrounding the adequate funding of the parish jail," and the ad hoc committee was established for the purpose of continuing communication with the Sheriff and his staff "until appropriate solutions are identified and implemented."
Based on the Chairman's letter to the Sheriff, the ad hoc committee will identify and assist in implementing solutions to the monetary issues surrounding adequate funding of the parish jail. Although the identified solutions that may need to be implemented do not necessarily require action by the Parish Council, it is the opinion of this office that the ad hoc committee qualifies as an advisory committee under the definition provided above and is a public body subject to the Open Meetings Law.
However, it appears that there would be no violation of the law if there were not an actual "meeting" of a quorum of the St. Tammany Parish Council or a quorum of the appointed ad hoc committee. As stated earlier, R.S. 42:4.2(A)(1) defines a "meeting" as the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It also includes the convening of a quorum to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.[4]
In La. Atty. Gen. Op. 83-728A this office specifically addressed whether a committee consisting of four members, where the governing body consisted of nine members, would constitute a quorum so as to require notice and public meeting. This office opined as follows:
 Committee meetings which are not the actions of the full parish council, but nevertheless discuss pertinent matters to which are presented at public meetings are required to hold notice pursuant to the Open Meetings *Page 4 
Law (R.S. 42:2 et seq.). In other words, where a committee of a public body is composed of fewer members than the body itself, a quorum consists of a majority of the members of the committee.
It is our opinion that an ad hoc committee which deliberates to advise the governing authority, such as the ad hoc committee formed by the Chairman at issue in this case, is a public body subject to the rights of the Open Meetings Law when a quorum of the members of the committee are present.
Finally, it is important to note that committee meetings, even though they are not the actions of the full parish council, but nevertheless discuss recommendations to be presented at public meetings must provide notice pursuant to the Open Meetings Law.[5]
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Erin C. Day Assistant Attorney General
JDC: ECD
[1] La.R.S. 42:4.2(A)(1).
[2] La.R.S. 42:4.2(A)(2) [Emphasis added].
[3] St. Tammany Parish Ordinance Sec. 2-031.03(B)(1), which provides:
 Special Ad Hoc Committees may be created to address a particular issue and make recommendations on that issue to the full Council. They will be made up of no more than seven (7) council members. Meeting notices will not be required for Ad Hoc Committee meetings.
[4] La.R.S. 42:4.2(A)(1).
[5] See La. Atty. Gen. Op. Nos. 01-81, 83-728, and 83-728A.